IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OFNORTH CAROLINA
CHARLOTTE DIVISION
3:16CV651-GCM

| RAYKISHA MORRISON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| Vs. | ) | ORDER |
| RESOURCE MANAGEMENT CONCEPTS, INC., | ) | |
| Defendant. | ) | |

This matter is before the Court upon Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The *pro se* Plaintiff has filed a response, and the Defendant has elected not to file a Reply. Accordingly, this matter is ripe for disposition.

I.    **FACTUAL BACKGROUND**

The *pro se* Plaintiff, an African-American female, filed her Amended Complaint alleging race and sex discrimination and retaliation. This action arises from the Plaintiff's employment and subsequent discharge from her position as an Occupational, Safety, and Health Specialist in Defendant Resource Management Concepts, Inc.'s ("RMC") Environmental & Safety Division. Plaintiff was hired by RMC on February 4, 2013. (Amd. Compl. ¶ 6). She alleges that she was the only African-American and the only female under the supervision of Brent Elrod. *Id.* at ¶¶ 8-9. She alleges that after Elrod became her supervisor, she "began to be falsely blamed for not completing assignments, missing meetings, and being nonresponsive to [her] clients." *Id.* at ¶ 10.

1

At her 2014 annual performance review, Elrod commented that Plaintiff "had an unprofessional and confrontational tone/approach in written responses to customers and peers" and that she was "unresponsive to calls from [Elrod], and failed to attend scheduled team meetings." *Id.* at ¶ 12. On April 6, 2015, Plaintiff was provided a performance improvement plan as a result of the 2014 annual review. *Id*. at ¶¶ 14, 18. On the same day, at a meeting discussing the review, Plaintiff indicated that she disagreed with Mr. Elrod's evaluation. *Id*. At the same meeting, Plaintiff also commented that she believed she was being accused of being confrontational and aggressive "because of misperceptions based on [her] sex and race. *Id*. at ¶ 15. In August of 2015, Plaintiff was told that she was responsible for presenting two Power Point presentations. *Id*. at ¶ 19. She completed the presentations but complained to Mr. Elrod that one did not go well due to mistakes made by those who created the presentations. *Id*.

On November 2, 2015, Mr. Elrod called the Plaintiff and told her that she was being discharged due to the poor presentations in August and because "RMC had received negative comments about [her] from all of [her] clients." *Id*. at ¶ 20. Plaintiff alleges that throughout her employment with Defendant she has "satisfactorily performed [her] job duties and met RMC's expectations." *Id.* at ¶ 21.

Plaintiff alleges that her termination was in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., in that she was terminated because of her race and sex, and that she was retaliated against for complaining that she was being discriminated against on the basis of her race and sex. Defendant seeks to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

## II. DISCUSSION

When faced with a Rule 12(b)(6) motion to dismiss, courts are instructed to "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, this procedural safeguard does not apply to both implausible factual allegations and any of a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009).

Moreover, Plaintiff has the burden of pleading "more than a sheer possibility that a defendant acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted). While "hyper-technical" pleadings of earlier legal eras are not required, Plaintiffs must make more than "naked assertions of wrongdoing" without any "factual enhancement." *Id.*, quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

The Fourth Circuit requires district courts to construe *pro se* complaints liberally to ensure that valid claims do not fail for lack of legal specificity. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). However, this liberal construction need not extend to outright advocacy for the *pro se* plaintiff nor will it permit a district court to ignore a clear failure of the *pro se* plaintiff to allege facts in the complaint which set forth a claim that is cognizable under federal law. *Id.*; *Weller v. Dep't of Soc. Services*, 901 F.2d 387 (4th Cir.1990). The Court does not have to divine facts not disclosed by the Plaintiff in her Complaint, nor must the Court invoke causes of action that are neither articulated nor supported by factual allegations.

Indeed, *pro se* plaintiffs, with the assistance of the district court's lenient eye, must still do more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal citations omitted). Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." *See Bass v. E.I. Dupont*

*de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). In light of *Twombly* and *Bass*, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice. To survive a motion to dismiss under *Twombly*, a plaintiff must allege enough facts "'to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570).

In order to allege a plausible prima facie claim for sex or race discrimination, the Plaintiff must allege sufficient facts to establish: (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) more favorable treatment of similarly-situated employees outside the protected class. *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) *aff'd* 566 U.S. 30 (2012).

The Amended Complaint fails to allege facts that establish that the Plaintiff performed her job duties in a satisfactory manner. There are no allegations that the Plaintiff was told by any of her supervisors at RMC that her performance met their expectations. Plainly stated, outside of the Plaintiff's naked assertion that she "satisfactorily performed [her] job duties and met RMC's expectations," (Amd. Compl. ¶ 21), the Amended Complaint is devoid of any facts that establish that the Plaintiff performed her job in a satisfactory manner. Instead, the Amended Complaint discloses facts that establish the opposite - that the Plaintiff consistently failed to meet RMC's expectations. In April 2015, the Plaintiff was provided with a performance review. *Id.* at ¶ 11. In this review, written by the Plaintiff's supervisor, the Plaintiff was informed that she:

- "had an unprofessional and confrontational tone/approach in written response to customers and peers";
- "was unresponsive to calls from [her supervisor]; and

4

- "failed to attend scheduled team meetings."

*Id*. at ¶ 12. In addition to the annual review, and based upon the concerns contained therein, the Plaintiff's supervisor provided the Plaintiff with a Performance Improvement Plan intended to address the Plaintiff's job performance shortcomings. *Id.* at ¶ 14. Despite efforts by RMC to address the Plaintiff's substandard performance, the Plaintiff failed to remedy her deficiencies. In August 2015, the Plaintiff performed poorly during a presentation that RMC had asked her to conduct. *Id*. at ¶ 19. With no signs of improvement by the Plaintiff and based upon her pattern of poor performance, RMC informed the Plaintiff that she was being discharged. *Id*. at ¶ 20.

Because the Amended Complaint fails to allege facts that could plausibly support a claim that the Plaintiff was performing her job satisfactorily, and instead alleges facts that establish the opposite - that the Plaintiff had consistently failed to fulfill her position's duties - the Plaintiff's claim for sex and race discrimination must be dismissed.

In addition to her failure to plausibly allege satisfactory performance of her job, Plaintiff also fails to allege that others outside of the protected class who were similarly situated were treated more favorably. She merely alleges in vague and conclusory terms that she was treated "differently from, and less preferably than" two "similarly-situated" non-African American male employees, Don Durnill and Stephen Smith. *Id*. at ¶ 27. This conclusory allegation fails to establish a plausible basis for believing that these two employees were actually similarly situated or that Plaintiff's race and/or sex was the basis for her termination. *See Coleman*, 626 F.3d at 191.

Plaintiff next contends she was retaliated against by Defendant in response to her allegation that she was being discriminated against. To establish a prima facie case for retaliation, a plaintiff must show (1) that she engaged in protected activity; (2) that the employer

took an adverse employment action against her; and (3) there is a causal nexus between the protected activity and the adverse action. *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015). Retaliation claims require the employee to show "that retaliation was a but-for cause of a challenged adverse employment action." *Guessous v. Fairvew Prop. Investments, LLC*, 828 F.3d 208, 216-17 (4th Cir. 2016) citing *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 252 (4th Cir. 2015). Thus, to state a Title VII retaliation claim, a plaintiff must plausibly allege a but-for causal connection between plaintiff's protected activity and the alleged retaliation. Naked allegations of a causal connection between plaintiff's protected activity and the alleged retaliation do not state a plausible Title VII claim. *See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585-88 (4th Cir. 2015), cert. denied, 136 S. Ct. 1162 (2016).

The Amended Complaint fails to plausibly state a cognizable claim for retaliation as it fails to present any factual allegations supporting a retaliation claim under Title VII. Plaintiff concedes that her 2014 Performance Review contained comments indicating that her supervisor had concerns regarding the Plaintiff's professionalism, written tone, lack of responsiveness, and failure to attend team meetings. It was only after this document was provided to the Plaintiff, and during a conversation regarding the Performance Review's contents, that the Plaintiff alleges she voiced concerns regarding "misperceptions based on [her] sex and race," which the Plaintiff contends represents protected activity.

The allegations in the Amended Complaint establish that RMC had developed significant and serious concerns regarding the Plaintiff's job performance, and that these concerns were provided in writing to the Plaintiff prior to the Plaintiff engaging in any alleged protected activity. Moreover, the allegations in the Amended Complaint establish that the Plaintiff was discharged nearly seven months following the Plaintiff's alleged protected activity, when it

became clear that the Plaintiff had failed to address the concerns contained in the Performance Review. Because the Plaintiff has failed to plausibly establish that her participation in a protected activity was a but-for cause of her termination, the Plaintiff's claim for retaliation must likewise be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby GRANTED.

Signed: March 21, 2017

Graham C. Mullen
United States District Judge